NO. 8424

FRED FRANZ.

VS  COURT OF APPEAL

A. LEVITAN FURNITURE CO.     PARISH OF ORLEANS.

Court of Appeal
PARISH OF ORLEANS
FILED MAR 31/21

# OPINION.

By his Honor John St. Paul.

This is a suit to oust a tenant; and the judgment below being against the latter, he thereupon obtained a suspensive appeal returnable to this court on November 2nd next. Whereupon the lessor at once brought up the transcript, and on the same day obtained an order assigning the case for trial on October 21st.

Appellants complain that this court should not have fixed the case for trial before the return day, as was done.

Precisely the same point was made in Ferro vs Bouche decided by us December 17th 1917 (Opinion Book 54, Docket Number 7253), which was also a suit to oust a tenant, wherein the judgment below was also against the latter.

In that case the appeal had been made returnable on December 10th; but the appellee had brought up the transcript on November 30th, and on the same day had obtained an order assigning the case for trial on December 7th. Whereupon the appellant asked the court to set aside the order fixing the case for trial on December 7th, on the ground that the appellee had no right to bring up the transcript, and that the case could not legally be fixed for trial before the return day.

34

As to the right of the appellee to bring up the transcript; we cited the Code of Practice, Articles 590 and 884; also Barbarin vs. Armstrong, 2 La 508, and State ex rel Duffel vs Marks, 30 An 70; and then added: "In Wheeler vs Britton, 137 La 975, the Court recognized the right of the appellee to file the transcript of appeal before the return day; also to have the case put on the preference docket, if entitled to be there, and to have it fixed on a special day as a preference case,"

In the case last cited the order placing it on the preference docket issued 17 days before the return day; and the fact that the case actually came up for trial only on the fourth day after the return day, appears to have been a mere coincidence having no bearing upon the real question before the court, towit; the right of the appellee to bring up the transcript before the return day and have the case disposed of as speedily as the nature thereof would permit.

Hence we did not think in the Ferro case, and we do not think now, that it makes the slightest difference whether the day actually fixed for the trial happens to be before or after the return day. Otherwise the consequens would be this; that the trial judge would have it in his

power to regulate the trial of cases in the appealate court by simply fixing the return day earlier or later, as he might see fit; which of course is altogether inadmissible.

On the merits the case is simply this; defendants set up as a special defense that they had an agreement with plaintiff, their lessor, to the effect that they might remain in the premises some 15 or 20 days beyond the term of their lease, if they could make satisfactory arrangements with his new tenants; and that they did make such arrangements. To all of which they swear: Whilst on the other hand, the lessor and the new tenants swear positively that they had no understanding and made no arrangement whatever with the defendants. And the trial judge,who saw and heard the witnesses, resolved this conflict of evid-nce against the defendants, on whom rested the burden of proof.

After reading the evidence we can not say that the trial judge manifestly erred; and hence,

The judgment appealed from is therefore Affirmed;